## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-21337-TLM |
| MARTIN D. FRANTZ and ) | |
| CYNTHIA M. FRANTZ, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION ON DEBTORS' MOTION
### DOC. NO. 805

_____

Before the Court is Debtors' "Motion to Unwind/Vacate Overbid Sale and Order for Mediated Settlement & Sanctions," Doc. No. 805 ("Motion"). A hearing was held on March 6, 2018, to hear legal arguments and to determine if there are threshold legal issues and whether an evidentiary hearing is necessary. As a result of that hearing, the Motion was taken under advisement. The Court concludes a legal issue controls the outcome of this matter and no further hearing is required.

On October 7, 2016, Idaho Independent Bank ("IIB") made an offer to purchase certain estate property from chapter 7 trustee David Gardner ("Trustee") for $530,000 and Trustee filed a notice of such offer. Doc. No. 636. On October 13, 2016, Matthew Frantz, Tyson Frantz, and Tailored Management Services filed a notice of overbid offering $555,000 for the assets. Doc. No. 644. Four days later, on October 24, 2016, IIB filed a notice of overbid offering $600,000 for the

MEMORANDUM OF DECISION - 1

assets. Doc. No. 645. A hearing was held on October 31, 2016, Doc. No. 654, and the Court issued an Order, Doc. No. 668 ("Order"), on November 18, 2016, approving sale of the assets to IIB in accordance with the terms of IIB's overbid.

On December 29, 2017, Debtors filed their Motion seeking relief from the Order. Doc. No. 805.[1] In the Motion, Debtors expressly seek relief under Federal Rule of Civil Procedure 60(b)(2) for newly discovered evidence and under subsection (b)(3) of that rule for fraud, misrepresentation, or misconduct by opposing parties. *Id*. at 3.[2]

However, Fed. R. Civ. P. 60(c)(1) provides, "[a] motion under Rule 60(b) must be made within a reasonable time —and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The one year limitation period imposed by Fed. R. Civ. P. 60(c)(1) on Fed. R. Civ. P. 60(b)(2) and (3) motions is "absolute" and cannot be enlarged. *See* Fed. R. Bankr. P. 9006(b)(2).[3] *See also, Gazes v. DelPrete (In re Clinton St. Food Corp.)*,

---

[1] Debtors' Motion refers to Doc. No. 645, IIB's notice of overbid, and Doc. No. 654, the Court's minute entry on the Oct. 31, 2016 hearing on the matter. However, Fed. R. Civ. P. 60 only pertains to judgments and orders. Because this Court liberally construes pro se submissions, it will construe Debtors' Motion as seeking relief from Doc. No. 668, the Order authorizing the sale of the estate assets to IIB.

[2] The provisions of Fed. R. Civ. P. 60 are incorporated by Fed. R. Bankr. P. 9024.

[3] Fed. R. Bankr. P. 9006(b)(2) states that the court cannot enlarge the time for taking action under, *inter alia*, Fed. R. Bankr. P. 9024.

MEMORANDUM OF DECISION - 2

254 B.R. 523, 532 (Bankr. S.D.N.Y. 2000) ("[T]he one year period [limiting Fed. R. Civ. P. 60(b)(2) and (3) ] is an absolute, outside limit, and a court lacks the power to grant motions filed beyond that time.").

IIB and Trustee object to the Motion, arguing it is untimely under Fed. R. Civ. P. 60(c)(1) because it was filed on December 29, 2017, more than one year after the November 18, 2016 Order.  Doc. Nos. 829, 830.[4]

In response, Debtors assert the Motion was timely because it was filed within one year of the "date of the proceeding."  Referring to the "Webster Dictionary," Debtors claim a legal "proceeding" is a series of steps to enforce, adjudicate, or administer rights, remedies, laws, or regulations.  Doc. No. 839 at 2–3.  Debtors further argue that the "proceeding" in this case consist of all events necessary to consummate the sale to IIB.  Debtors argue that after the hearing was held and the Order was entered, a due diligence period occurred, the balance of the purchase price was paid, a third-party designee was identified by IIB, and the sale was finalized contingent upon USDA approval.  Debtors argue that USDA approval has not occurred and, therefore, the "proceeding" has not been

---

[4] Tyler Frantz and Matthew Frantz also objected to the Motion and appeared through counsel on January 30, 2018, to express their concerns.  They did not appear at the time of the final argument on March 6.

MEMORANDUM OF DECISION - 3

completed. Accordingly, Debtors claim the one-year clock has not yet begun.[5]

Black's Law Dictionary provides that, in the context of bankruptcy specifically, a "proceeding" is "[a] particular dispute or matter arising within a pending case—as opposed to the case as a whole." *Black's Law Dictionary* 1324 (10th ed. 2014). It also defines proceeding more generally as "[a]n act or step that is part of a larger action," and "the business conducted by a court or other official body; a hearing." *Id*. The Court holds that these definitional concepts comport more closely with the intent of Fed. R. Civ. P. 60(c)(1)—to provide a discernable point in time at which the one-year clock begins to run—than does the broad, fluid

---

[5] Noting that the one year limitation of Rule 60(c)(1) does not apply to claims under subsection (b)(6) of Rule 60, Debtors also argue that subsection (b)(6) could apply and has frequently been used to circumvent the one year time limitation applicable to subsections (b)(1), (b)(2), and (b)(3). *See* Doc. No. 864 at 3–5.

It is true that claims under subsections (b)(1), (b)(2), and (b)(3) are treated differently than those under subsection (b)(6). However, contrary to Debtors' arguments, subsection (b)(6) cannot be used to circumvent the one year time limit of Rule 60(c)(1). The Ninth Circuit has held:

> A motion brought under 60(b)(6) must be based on grounds other than those listed in the preceding clauses. *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981). Clause 60(b)(6) is residual and "must be read as being exclusive of the preceding clauses." In addition, the clause is reserved for "extraordinary circumstances." *Id*.; *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971).

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986). In that case, the trial court held that Rule 60(b)(6) was not applicable because defendant relied exclusively upon fraud and newly discovered evidence arguments and the Ninth Circuit affirmed. *Id*. Similarly, this Court holds that Rule 60(b)(6) is not applicable in this case because Debtors' claims are based on assertions of fraud and newly discovered evidence, directly within the scope of subsections (b)(2) and (b)(3).

interpretation of "proceeding" urged by Debtors.

The Court concludes that, in this instance, the "proceeding" that triggered the one-year time limit was Trustee's Motion to Authorize Sale. The hearing on that motion was held—and concluded—on October 31, 2016. *See* Doc. No. 654. Thus, under Fed. R. Civ. P. 60(c)(1), Debtors had at best one year from the date of the Order—November 18, 2017—to file a timely motion under Fed. R. Civ. P. 60(b)(2) and (3). As noted above, the Court cannot enlarge these time limits. Because Debtors filed the Motion on December 29, 2017, outside the one-year window, the Motion is untimely.[6]

Therefore, the Court will enter an order denying Debtors' Motion, Doc. No. 805.

DATED:  March 8, 2018



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[6] Given this conclusion, the Court need not address other matters raised by Debtors.

MEMORANDUM OF DECISION - 5