UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-21337-TLM |
| MARTIN D. FRANTZ and ) | |
| CYNTHIA M. FRANTZ, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON DEBTORS' MOTION
DOC. NO. 808**
_____

Before the Court is Debtors' "Notice for Requested Memorandum Decision of Finding of (7) Facts for $20,000 Cashiers Check." Doc. No. 808 ("Motion"). A hearing was held on March 6, 2018, to hear legal arguments and to determine if there are threshold legal issues and whether an evidentiary hearing is necessary. As a result of that hearing, the Motion was taken under advisement. The Court concludes a legal issue controls the outcome of this matter and no further hearing is required.

On April 9, 2013, during the pendency of this case, Debtors caused a $20,000 cashiers check (the "Check") payable to Idaho Independent Bank ("IIB") to be issued, drawing the necessary funds from their chapter 11 debtor-in-possession bank account ("DIP Account"). According to a November 3, 2015 decision of the District Court for the First Judicial District, State of Idaho in *Idaho*

MEMORANDUM OF DECISION - 1

*Independent Bank v. Frantz*, Case No. CV-10-6088 (the "State Court Decision"),[1] Debtors intended to tender the Check as an accord and satisfaction of their liability to IIB. *Id*. at 21.[2] IIB refused to negotiate the Check in satisfaction of Debtors' liability. *Id*. at 29. IIB did not return the Check to Debtors, however, "because of the pending conversion to chapter 7," and instead held the check for a time and then turned it over to the chapter 7 trustee, David Gardner ("Trustee"), when he was assigned to the case after its conversion. *Id*.[3]

Debtors challenge the actions taken by Trustee in negotiating the Check and depositing it into the chapter 7 bankruptcy estate's bank account, alleging Trustee violated Idaho Rule of Professional Conduct, "U.S. Trustee protocol," and federal law. *See* Motion at 3–4. To the extent Debtors are asking this Court to find Trustee's conduct violated federal criminal law,[4] this is not the proper forum; this Court lacks jurisdiction to address such claims. *See Meer v. Lilly (In re Lilly)*, 2012 WL 6589699 at *4, n.11 (Bankr. D. Idaho Dec. 18, 2012) (explaining that criminal matters fall outside the scope of bankruptcy courts' jurisdiction). And to the extent Debtors seek a finding that Trustee has violated various professional rules, the Motion's allegations are insufficient.

---

[1] The State Court Decision is attached as an exhibit to IIB's objection to the Motion. *See* Doc. No. 815 at 14–41. The State Court Decision is considered further *infra*.

[2] The liability owed to IIB at that time exceeded $600,000. *See* Claim No. 6-2.

[3] The Check was dated April 9, 2013, and conversion of Debtors' case to chapter 7 occurred on April 23, 2013. *See* Doc. No. 193.

[4] Debtors argue 18 U.S.C. § 1957(a) was violated. Motion at 4.

MEMORANDUM OF DECISION - 2

However, ultimately and indeed significantly, Debtors' Motion asks the Court to determine if "Frantz have standing and/or rights to request the $20,000.00, which was left over from the $76,784.18 IRA income investment money he extended to the Chpt 11 proceeding, be returned to him?" Motion at 4.[5] But the issue of whether the Check represented exempt IRA funds was already addressed in the State Court Decision. In granting summary judgment in favor of IIB, that court concluded "[a]s far as this Court can tell there is simply no evidence that these funds came from an exempt account and, all the available evidence actually supports the opposite assertions—the funds tendered were from a DIP account." Doc. No. 815 at 29–30.[6]

The doctrine of issue preclusion prevents a party from relitigating an issue he actually litigated and lost in a prior proceeding. *R.T.C. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999); *Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 92 (9th Cir. BAP 2000). "Issue preclusion serves to protect litigants from multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by reducing the likelihood of inconsistent judgments." *Gamble v. Overton (In re Overton)*, 2009 WL 512159, *3 (Bankr. D. Idaho Jan. 26, 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The issue of whether the funds represented by

---

[5] The Motion also asks the Court to decide "if there may be potential financial liability [imposed upon] the Estate, the Trustee and/or its law firm[.]" *Id*.

[6] Debtors appealed the State Court Decision to the Idaho Supreme Court on other grounds. Debtors did not challenge the district court's finding that the Check did not represent exempt IRA funds. *See Idaho Indep. Bank v. Frantz*, 399 P.3d 836 (Idaho 2017).

MEMORANDUM OF DECISION - 3

the Check were from an exempt IRA account was decided in the State Court Decision and Debtors are barred by the doctrine of issue preclusion from relitigating it here.

Further, the Rooker–Feldman doctrine prohibits a federal court from exercising jurisdiction over a lawsuit that is a de facto appeal of a state court judgment. *Carmona v. Carmona*, 603 F.3d 1041, 1050–51 (9th Cir. 2010); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). To the extent Debtors are asking this Court to review the State Court Decision that the Check was not from exempt IRA funds, this Court is prohibited by the Rooker-Feldman doctrine from entertaining such an "appeal."[7]

Based on the foregoing, the Court will enter an order denying the Motion.

DATED: March 8, 2018



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[7] Citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), Debtors argue that a judgment fraudulently procured from a state court is excepted from the Rooker-Feldman doctrine. The "fraud" alleged by Debtors is that IIB "quashed all of [Debtors'] half dozen witnesses and reports," preventing Debtors from making a defense in the state court case. Doc. No. 865 at 6. Debtors claim IIB's actions caused a "miscarriage of justice." However, Debtors concede their witnesses were subject to exclusion because they were not properly disclosed. *Id*. But, Debtors argue IIB's counsel should have exercised its discretion to allow the witnesses to testify nonetheless. IIB's obtaining judgment by seeking the exclusion of improperly disclosed witnesses does not constitute fraud. The Rooker-Feldman doctrine is applicable in this case.

MEMORANDUM OF DECISION - 4